UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY C. BONTEMPS,<br><br>            Petitioner,<br><br>      v.<br><br>JOHN MERCHANT,<br><br>            Respondent. | No.  2:22-cv-1741 TLN KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner, proceeds pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 16, 2023, respondent filed a motion to dismiss this action as successive.  On April 4, 2023, in response to the court's order to show cause, petitioner filed an opposition.  Respondent did not file a reply.  As discussed below, it is recommended that the motion be granted, and the petition be dismissed without prejudice.

Background

Petitioner was convicted in 2010 of spousal abuse, making criminal threats, and intimidating a witness.  Petitioner was sentenced to an indeterminate state prison term of 25 years to life on each of the three convictions. (ECF No. 13-1, 2.)

////

  Petitioner filed an appeal, and on March 2, 2012, the California Court of Appeal, Third Appellate District, affirmed the conviction.  (ECF No. 13-2.)

  On April 4, 2012, petitioner filed a petition for review in the California Supreme Court, which was denied without comment on May 9, 2012.  (ECF No. 13-3, 4.)

  According to respondent, petitioner subsequently filed over 80 state post-conviction collateral actions.  (ECF No. 12 at 2 & n.1.)

  On May 31, 2012, petitioner filed a federal petition for writ of habeas corpus challenging the 2010 conviction.  Bontemps v. McDonald, No. 2:12-cv-1`480 TLN GGH P (E.D. Cal.).  On March 10, 2014, the petition was denied on the merits.  Id.  (ECF Nos. 13-5 to 8.)

  Petitioner filed the instant federal petition on October 3, 2022.[1]  (ECF No. 1.)

The Federal Petition

  Petitioner claims he suffered structural error because the trial judge was not qualified to conduct the trial and was biased against petitioner, and the sentence was disproportionate in violation of the Eighth Amendment.  (ECF No. 1 at 6-9, 14, 15.)  Petitioner also includes various sentencing claims based on state law.  (ECF No. 1 at 15.)

Motion to Dismiss

  Legal Standards

  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ."  Id.  The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991).  Accordingly, the court reviews respondent's motion to dismiss pursuant to authority under Rule 4.

---

[1] Respondent asks the court to take judicial notice of petitioner's prior federal habeas case.  (ECF No. 12 at 2, n.2.)  Respondent's request is granted.  A court may take judicial notice of court records.  See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to the instant petition because the petition was filed after AEDPA's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 336 (1997). Among other changes to federal habeas law, "AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." Tyler v. Cain, 533 U.S. 656, 661 (2001). A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits. See Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008). A disposition is "on the merits" if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court. See Howard v. Lewis, 905 F.2d 1318, 1322 (9th Cir. 1990).

AEDPA restricts the type of claims that are eligible to be heard in a successive petition. As the Supreme Court explained,

> If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases. And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions. One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. The other is for certain claims relying on new rules of constitutional law.

Tyler, 533 U.S. at 661-62 (2001) (citations omitted); see also 28 U.S.C. § 2244(b)(1-2). Federal Circuit Courts are responsible for determining whether a successive petition falls within one of these two authorized exceptions and may proceed:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A); see also Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (quoting same); Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998) ("An individual seeking to file a 'second or successive' application must move in the appropriate court of appeals for an order

3

directing the district court to consider his application."). Accordingly, "[e]ven if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court." Woods, 525 F.3d at 888.

"When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application." Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (internal quotation marks and citation omitted); see also Magwood v. Patterson, 561 U.S. 320, 331 (2010) ("[I]f [petitioner's] application [is] 'second or successive,' the District Court [must] dismiss [ ] it . . . because [petitioner] failed to obtain the requisite authorization from the Court of Appeals."). Accordingly, "[a] petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition acts as a jurisdictional bar." Rishor v. Ferguson, 822 F.3d 482, 490 (9th Cir. 2016) (citation omitted); see also Burton, 549 U.S. at 157 ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").

Because prior Ninth Circuit authorization is jurisdictional, a petitioner must obtain leave from the court of appeals before a successive habeas petition is filed in the district court. See Magwood, 561 U.S. at 330-31 ("If an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court.")

Discussion

Here, the court's records confirm that petitioner previously filed an application for a writ of habeas corpus attacking the 2014 conviction and sentence challenged in this case. The previous application was filed on May 31, 2012, and was denied on the merits on March 10, 2014.

Petitioner does not deny that he filed a previous federal habeas petition but rather argues that his case should not be dismissed because Jamie R. Roman (the trial judge who conducted the underlying criminal trial) "was part of the RICO ring, and was admonished in 2010 when [petitioner] was going to trial." (ECF No. 15 at 1.) As set forth above, the Court of Appeals for

4

1  the Ninth Circuit must determine whether a successive petition falls within one of the authorized
2  exceptions.  28 U.S.C. § 2244(b)(3)(A).
3        There is no indication in the record that petitioner has obtained permission from the Ninth
4  Circuit to file a second or successive petition.  Thus, before he can proceed on his petition,
5  petitioner must move in the United States Court of Appeals for the Ninth Circuit for an order
6  authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3).  The petition
7  must be dismissed without prejudice to re-filing upon obtaining authorization from the United
8  States Court of Appeals for the Ninth Circuit.  Magwood, 561 U.S. at 330-31 (stating a second or
9  successive habeas petition must be dismissed in its entirety if petitioner fails to first obtain
10 authorization from the Court of Appeals).

Conclusion

For the above reasons, the petition should be dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that respondent's request that the court take judicial notice of petitioner's prior federal habeas case (ECF No. 12 at 2) is granted.

Further, IT IS RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 12) be granted; and

2. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 21, 2023

/bont1741.mtd

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE